# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUAN CARLOS OCASIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-cv-921 (TSC) |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff Juan Carlos Ocasio's motion (ECF No. 20) for an order

granting limited discovery by way of issuance of judicial subpoenas, or in the alternative for *in

camera* review of the requested material.[1] Ocasio seeks documents from two government

agencies in connection with an underlying Freedom of Information Act ("FOIA") action.

In the suit before this Court, Ocasio challenges DOJ's treatment of a FOIA request he

submitted on June 11, 2012 regarding an Office of Inspector General ("OIG") investigation file

concerning a complaint he filed with the Federal Bureau of Investigation ("FBI") against a third

party. (ECF No. 1 at 2)[2] Ocasio alleged in his FBI complaint that the third party[3] illegally

impersonated a federal officer and violated the Stolen Valor Act[4] by falsely claiming the receipt

of military honors. (*Id.*; ECF No. 20 at 6-8)

---

[1] Defendant Department of Justice ("DOJ") timely opposed the present motion, and Ocasio never filed a reply.

[2] Because Ocasio's page numbering is not consistent, for ease of reference the Court will refer to the page numbers assigned by the Court's Electronic Filing System.

[3] The name of the third party is not relevant to the instant motion. To protect their privacy, they will be referred to herein as "C.G."

[4] The Supreme Court declared the version of the Stolen Valor Act in place at the time of Ocasio's FOIA request unconstitutional in *U.S. v. Alvarez*, 132 S. Ct. 2537 (2012). Congress subsequently amended the law in the Stolen Valor Act of 2013. 18 U.S.C. § 704.

Ocasio's FOIA request is not, however, the subject of the present motion.  Instead, Ocasio presently seeks non-party discovery apparently to buttress his claims regarding C.G.'s alleged violations of the Stolen Valor Act.  Specifically, Ocasio moves the Court to issue subpoenas to the "National Personnel Records Center for Military Records" and the California Department of Motor Vehicles for files relating to C.G.[5]

As Ocasio admits, "[d]iscovery is generally disfavored in FOIA cases."  *Beltranena v. U.S. Dep't of State*, 821 F. Supp. 2d 167, 176 (D.D.C. 2011); *Justice v. IRS*, 798 F. Supp. 2d 43, 47 (D.D.C. 2011), *aff'd*, 485 F. App'x 439 (D.C. Cir. 2012).  "Courts permit discovery in FOIA cases where a 'plaintiff has made a sufficient showing that the agency acted in bad faith.'"  *Justice v. I.R.S.*, 798 F. Supp. 2d at 47 (citations omitted).  "When allowed, the scope of discovery is usually limited to the adequacy of the agency's search and similar matters."  *Voinche v. F.B.I.*, 412 F. Supp. 2d 60, 71 (D.D.C. 2006).

Ocasio does not allege bad faith on the part of DOJ,[6] nor does Ocasio seek documents related to DOJ's search.  Instead, Ocasio argues that discovery is warranted because it would "conclusively prove the Stolen Valor Act violation in this case" and would support the public policy of uncovering individuals who have falsified military records.  (ECF No. 20 at 8)  Even if this assertion were true, this is not the appropriate forum in which to seek documents from non-parties regarding violations of the Stolen Valor Act.  This case relates only to Ocasio's FOIA

---

[5] Ocasio does not attach proposed subpoenas to his motion, but it appears he primarily seeks C.G.'s military records. It is unclear what records Ocasio requests from the California Department of Motor Vehicles, and the proposed order attached to Ocasio's motion only seeks an order as to the "National Personnel Records Center."  (ECF 20-1 at 1)

[6] Ocasio appears to argue that the non-party documents may contradict DOJ's files with respect to C.G.'s birth date, and that somehow this contradiction would undermine DOJ's affidavits in this case.  "Discovery is not warranted 'when it appears that discovery would only . . . afford [the plaintiff] an opportunity to pursue a bare hope of falling upon something that might impugn the affidavits.'"  *Flowers v. I.R.S.*, 307 F. Supp. 2d 60, 68 (D.D.C. 2004) (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 751–52 (D.C. Cir.1981)).  Ocasio presents no evidence regarding what impact C.G.'s purportedly inconsistent birth date would have on DOJ's good faith search of records in response to his FOIA request.

request to DOJ and DOJ's response. Ocasio cannot use this FOIA action to seek documents from non-parties regarding alleged violations of other laws by unrelated third parties. *Am. Lumber Corp. v. Nat'l R.R. Passenger Corp.*, 886 F. 2d 50, 55 (D.C. Cir. 1989) ("the Supreme Court has generally looked with disfavor upon parties that have tried to use the FOIA to circumvent the discovery rules"); *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974) ("[d]iscovery for litigation purposes is not an expressly indicated purpose of [FOIA]").

Ocasio's motion is likewise unwarranted given that he could directly request the documents he seeks, and in fact has sought and received documents from the National Records Center. (ECF No. 20 at 5-6) (Ocasio has also sought records from the California Department of Motor Vehicles through the California Public Records Act. (ECF No. 20-2 at 159)) Judicial subpoenas in the FOIA litigation context are simply not the appropriate mechanism to obtain these documents.

Lastly, Ocasio seeks, in the alternative, *in camera* review, apparently of the military records in the possession of the National Personnel Records Center. He does not develop this argument beyond requesting the Court "to conduct an *in camera* inspection of the documents sought." (ECF No. 20 at 1) This is not enough to adequately raise the issue before the Court. "A litigant does not properly raise an issue by addressing it in a 'cursory fashion' with only 'bare-bones arguments.'" *Cement Kiln Recycling Coal. v. E.P.A.*, 255 F.3d 855, 869 (D.C. Cir. 2001) (citations omitted). Moreover, even if the briefing were sufficient to raise this issue, the documents sought are not in the possession of Defendant DOJ and, for reasons discussed above, are irrelevant to the present suit, and therefore *in camera* review is not warranted.

For the foregoing reasons, Plaintiff's Motion is DENIED. An appropriate Order accompanies this Memorandum Opinion.

Date: September 16, 2014

_Tanya S. Chutkan_
TANYA S. CHUTKAN
United States District Judge