**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUAN CARLOS OCASIO,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

Defendant.

Case No. 13-cv-0921 (TSC)

**MEMORANDUM OPINION**

In this case brought under the Freedom of Information Act ("FOIA"), the court previously granted in part and denied in part Defendant U.S. Department of Justice's ("DOJ") first motion for summary judgment against *pro se* Plaintiff Juan Carlos Ocasio. (ECF No. 24). Before the court is Defendant's second motion for summary judgment. (ECF No. 45). Upon consideration of the motion, supplemental declaration, and *Vaughn* index, and Plaintiff's opposition, the court hereby GRANTS Defendant's motion.

## I. BACKGROUND

On June 11, 2012, Plaintiff filed a FOIA request with the DOJ Office of Inspector General ("DOJ-OIG"). (ECF No. 4 at 3). The request sought several documents relating to the investigation of a Federal Bureau of Investigation ("FBI") complaint Plaintiff had filed in March 1994. (*Id.*; Compl. ¶¶ 5–6). In that complaint, Ocasio alleged that an individual—referenced herein as "C.G."—had illegally impersonated a federal officer and violated the Stolen Valor Act by falsely claiming the receipt of military honors. (Compl. ¶¶ 5–9; ECF No. 10 at 2–5). On November 19, 2012, DOJ-OIG denied the FOIA request, stating that the documents had been destroyed, and DOJ-OIG subsequently denied Ocasio's appeal on May 29, 2013, reaffirming that

the documents had been destroyed and noting that had they not been, they would be categorically exempt from disclosure under 5 U.S.C. § 552(b)(7)(C). (ECF No. 4 at 11, 17–18).

After Plaintiff filed his Complaint in June 2013, a DOJ-OIG FOIA Officer again searched for the requested files and found that they had not been destroyed, as had previously been reported to Plaintiff. (Waller Decl. ¶ 10 (ECF No. 8-1); Waller Suppl. Decl. ¶ 4 (ECF No. 18-2)). The FOIA officer reviewed all 296 pages of the responsive file and "determined that the entire file constitute[d] law enforcement records of an individual that are exempt from disclosure under FOIA exemption 7(C)," and that "[t]he exemption applie[d] to the entire file." (Waller Supp. Decl. ¶ 5).

Defendant filed a motion to dismiss and/or for summary judgment in August 2013 (ECF No. 8), which the court denied in part and granted in part in its September 2014 Opinion. (ECF No. 22). The court found that DOJ had conducted an adequate search (*id.* at 11), that the requested records are law enforcement records, and that C.G. has a privacy interest in nondisclosure of the records (*id.* at 12–14). Moreover, the court held that while there is no public interest under FOIA in identifying those who falsely claim military honors or who impersonate officers, or in disclosing documents that may be used to cast doubt on the credibility of witnesses in past federal proceedings, there is a public interest in knowing "what the government is up to" (*id.* at 15–16). Specifically, the court held:

> There is therefore some public interest in "what the government is up to" in this case with respect to the substantive law enforcement policy DOJ employed in handling its investigation: how DOJ investigated an individual accused of making arrests under the guise of federal legal authority, and why DOJ failed to prosecute such an individual. Contrary to DOJ's assertion, the investigation file might reveal something about the agency's own conduct.

(*Id.* at 18). The court declined to rule on the strength of this asserted public interest, stating that while it could not "conclude that there is *no* public interest in the disclosure of

the records[,] . . . Ocasio may have not alleged enough to require disclosure[.]" (*Id.* at 17–18).

Finally, the court denied summary judgment as to the adequacy of Defendant's balancing of the privacy interest and the public interest in disclosure. (*Id.* at 23). While the court noted that it may be appropriate to apply Exemption 7(c) categorically—*i.e.*, to withhold the documents in their entirety because they are of a type such that the privacy interest always outweighs the public interest in disclosure—the court determined that Defendant did not sufficiently explain why applying this exemption categorically was appropriate in this case. The court further found that, if Defendant did not apply the exemption categorically, then it also failed to show through a *Vaughn* index whether it appropriately determined, record-by-record, which documents should be withheld. The court therefore ordered Defendant to produce a *Vaughn* index explaining the reasoning for each withholding. (*Id.* at 23–24).

Defendant filed its *Vaughn* index on November 14, 2014 (ECF No. 28), and moved for summary judgment on October 14, 2015 (ECF No. 45). It also provided Plaintiff with fifty-four pages of responsive documents, "all of which Plaintiff had provided to the OIG" originally. (Waller Second Suppl. Decl. ¶ 3 (ECF No. 45-2)). Defendant states that the "remaining documents within the investigative file are all inextricably intertwined with [] witness statements, affidavits, and memoranda," and "redaction or segregation of these documents is [] not possible because even with thorough redactions, a reader would be able to ascertain that each of these documents concern the investigation of criminal charges against C.G." (*Id.* at ¶¶ 6–7).

## II.     LEGAL STANDARD

Summary judgment is appropriate where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). In determining whether a genuine issue of material fact exists, the court must view all facts in the light most favorable to the non-moving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A fact is material if "a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 248). The party seeking summary judgment "bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified." *Taxpayers Watchdog, Inc., v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987).

FOIA cases are "typically and appropriately" decided on motions for summary judgment. *Gold Anti-Trust Action Comm., Inc. v. Bd. of Governors of the Fed. Reserve Sys.*, 762 F. Supp. 2d 123, 130 (D.D.C. 2011). Upon an agency's motion for summary judgment on the grounds that it has fully discharged its FOIA obligations, all underlying facts and inferences are analyzed in the light most favorable to the FOIA requester; only after an agency proves that it has fully discharged its FOIA obligations is summary judgment appropriate. *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996).

In cases concerning the applicability of exemptions, summary judgment may be based solely on information provided in the agency's supporting declarations. *See, e.g.*, *ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011); *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 838 (D.C. Cir. 2001). "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *ACLU*, 628 F.3d at 619. "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Id.* (internal quotation marks omitted) (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)). However, a motion for summary judgment should be granted in favor of the FOIA requester where "an agency seeks to protect material which, even on the agency's version of the facts, falls outside the proffered exemption." *Coldiron v. U.S. Dep't of Justice*, 310 F. Supp. 2d 44, 48 (D.D.C. 2004) (internal quotation marks omitted) (quoting *Petroleum Info. Corp. v. Dep't of Interior*, 976 F.2d 1429, 1433 (D.C. Cir. 1992)).

## III. DISCUSSION

In considering Defendant's second motion for summary judgment, the court is again tasked with assessing the applicability of the law enforcement FOIA exemption, 5 U.S.C. § 552(b)(7)(C) ("Exemption 7(C)"), to the facts of this case. Under this exemption, FOIA "does not apply" to "records or information compiled for law enforcement purposes" to the extent that their disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). As noted above, the court previously held that the requested files are law enforcement records, that C.G. has a privacy interest in nondisclosure, and that there

is at least a minimal public interest in disclosing how DOJ investigated the accused individual. The court must now determine if Defendant properly balanced these private and public interests when it withheld the responsive records.

Under Exemption 7(C), the agency (and the court) must balance the privacy and public interests to determine whether disclosure of the responsive records would result in an "unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). If this balancing "characteristically tips in one direction," then the records may be categorically exempt from disclosure. *Citizens for Responsibility & Ethics in Wash. v. DOJ*, 746 F.3d 1082, 1095 (D.C. Cir. 2014) ("*CREW*") (emphasis omitted). Such a categorical withholding of records is appropriate when "a third party's request for law enforcement records or information about a private citizen" is balanced against a request that "seeks no 'official information' about a Government agency, but merely records that the Government happens to be storing." *DOJ v. Reporters Comm. for Freedom of Press,* 489 U.S. 749, 780 (1989). Moreover, if the asserted public interest "is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure. Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004).

In its previous Opinion, the court held that "DOJ [did] not clearly explain into what 'genus' the disputed records fall such that they characteristically tip in favor of non-disclosure[,] . . . [and] [t]he Court [could not] assess on the record before it whether DOJ actually engaged in a balancing test to determine what portions of the file were exempt under 7(C)." (ECF No. 22 at 21). Defendant now argues that it has properly applied Exemption 7(C) to all of the responsive

documents because "it will 'always [be] true that the damage to a private citizen's privacy interest' from disclosure of any responsive document in the category 'outweighs the FOIA-based public value of such disclosure'" when the public interest is based on unsupported allegations of impropriety. (Def. Br. at 12 (ECF No. 45-1) (quoting *Reporters Comm.*, 489 U.S. at 779)). After a careful review of the Waller Declaration and Plaintiff's description of the public interest here, the court agrees that in this case, Defendant has properly applied Exemption 7(C).

As already determined, the target of the requested FBI investigation records, C.G., has a strong privacy interest in nondisclosure of the records, which Plaintiff does not dispute. (ECF No. 22 at 14); *see also SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1205 (D.C. Cir. 1991) (internal quotation marks omitted) ("There is little question that disclosing the identity of targets of law-enforcement investigations can subject those identified to embarrassment and potentially more serious reputational harm."). Defendant's position is that there is no possible way to segregate the responsive records "because each page within the investigative report related to Plaintiff's unproven allegations of criminal conduct against C.G." (Waller Second Supp. Decl. ¶ 5).

Plaintiff's asserted public interest in disclosure stems from his allegation of "government impropriety." (ECF No. 52 at 7). While Plaintiff explains at length why he believes that C.G. is guilty of several criminal offenses, it bears reiterating that the court's role here is not to determine the credibility or veracity of these allegations, or pass judgment on the appropriateness of the decision to not prosecute C.G. Instead, the court must only evaluate whether the public interest here may overcome C.G.'s privacy interest in order to require disclosure. As noted above, Plaintiff was obligated to "produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Boyd v. Crim. Div. of*

*DOJ*, 475 F.3d 381, 387 (D.C. Cir. 2007) (quoting *Favish*, 541 U.S. at 174).  Plaintiff did not produce such evidence.  Moreover, in light of the lack of evidence of impropriety, the court agrees with Defendant's arguments distinguishing the facts here with the significantly higher profile investigations in *CREW*, involving the investigation of former House Majority Leader Tom Delay, and *Kimberlin v. DOJ*, 139 F.3d 944 (D.C. Cir. 1998), involving the improper release of information concerning the Vice President.  Unlike those cases, in which a record-by-record approach was deemed necessary, here there is little likelihood that the documents would "shed light on how the agencies are performing their statutory duties."  *CREW*, 746 F.3d at 1096.

Therefore, the court now finds that Plaintiff has not established a sufficient public interest to outweigh C.G.'s strong privacy interest, and furthermore that, given these investigative files involved a low-level government employee and there is no public interest, the responsive records are of a type that may be categorically exempt under Exemption 7(C).  The Defendant's second motion for summary judgment is therefore granted as to the appropriateness of its categorical withholding of responsive records.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.


Date:  December 1, 2016


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge